STATE, JOHN BURNS, PROSECUTOR, v. HENRY L. YOST.

1. Section 5 of the act of 1873, establishing District Courts in the city of Newark, which defines the jurisdiction of such courts, is identical in meaning with the sixth section of the act of 1877, establishing District Courts in certain of cities this state, and the decision in *Wellman* v. *Bergman*, 15 *Vroom* 613, that service of summons issued out of the latter courts could not be made on a non-resident outside the limits of the city in which the court is established, applies to District Courts of the city of Newark.
2. The act of 1884, (*Pamph. L., p.* 169,) which declares that the jurisdiction of District Courts shall be co-extensive with the limits of the county wherein the city in which such court is established is situated, does not apply to the city of Newark.

On *certiorari* to the Second District Court of the city of Newark.

Argued at February Term, 1885, before Justices DEPUE and SCUDDER.

For the plaintiff in *certiorari*, *Frank E. Bradner*.

*Contra, Guild & Lum.*

The opinion of the court was delivered by

DEPUE, J.   The prosecutor of this writ, who was the defendant below, was sued in the District Court of the city of Newark.   At the time of the commencement of the suit he resided at Montclair, in the county of Essex, and the summons was served on him at his residence.

This writ of *certiorari* brings up for review the judgment rendered in that suit.

District Courts were established in the city of Newark by an act passed March 4th, 1873, entitled "An act to establish District Courts in the city of Newark."   *Pamph. L.* 1873, *p.* 245.   In 1877 the legislature, by an act entitled "An act

constituting District Courts in certain cities in this state," established District Courts in cities having a designated population. *Pamph. L.* 1877, *p.* 234; *Rev., p.* 1301. The act of 1873, establishing District Courts in the city of Newark, was not repealed by the act of 1877. *Field* v. *Silo,* 15 *Vroom* 355.

In *Wellman* v. *Bergmann,* 15 *Vroom* 613, this court decided that service of a summons issued out of a District Court established under the act of 1877 could not be made on a nonresident, outside the limits of the city in which the court was established. The pertinent inquiry in this case is whether that decision is applicable to District Courts established in the city of Newark by the act of 1873.

The jurisdiction of the District Courts in the city of Newark is declared by section 5 of the act, in these words : " That from and after the 1st day of April next, the civil jurisdiction heretofore exercised by or conferred upon justices of the peace within the corporate limits of the city of Newark, under and by virtue of an act entitled 'An act constituting courts for the trial of small causes,' approved April 16th, 1846, and the various supplements thereto ; and of an act entitled 'Supplement to an act concerning landlords and tenants,' approved March 4th, 1847, and the various supplements thereto; and of 'An act for the relief of creditors against absconding debtors,' approved April 16th, 1846, and of the various supplements thereto; and of an act entitled 'An act concerning forcible entries and detainers,' approved April 14th, 1846, and the various supplements thereto—shall become vested in and be exclusively exercised by said District Courts; and said acts, and all other acts which modify said acts, shall apply to said courts and regulate the practice and proceedings thereof, except where they conflict with the provisions of this act."

The sixth section of the act of 1877 enacts " that every suit of a civil nature at law, where the debt, balance or other matters in dispute do not exceed the sum or value of $100, shall be and hereby is made cognizable in any District Court of this state where they may be established, to hear, try and de-

termine the same according to law, although the cause of action did not arise in said city." The fourteenth section provides that the " writs, precepts and process [issued by any judge of any District Court] shall run in and through said county, and he may, in causes pending before him, award writs of subpœna for witnesses into other counties of this state." The language of these sections does not differ in any material respect from the corresponding provisions of the act constituting courts for the trial of small causes. *Rev.*, *pp.* 538, 540, §§ 1, 9.

The title of both acts—the acts of 1873 and 1877—indicates the establishment of courts local in the place in which they are established; and under both acts the expenses of the courts are to be defrayed by the municipality in which they are established. The only difference there is between the two acts is in the language of the fourteenth section of the act of 1867 : " That the territorial jurisdiction of every judge of any District Court under this act shall be co-extensive with the limits of the city for which he is appointed and commissioned," as compared with the language of the fifth section of the act of 1873. I am unable to discover any appreciable difference, in legal effect, in the language of these two enactments. It seems to me clear that the language of the fifth section of the act of 1873, that " the civil jurisdiction heretofore exercised by justices of the peace within the corporate limits of the city of Newark     *     *     *     shall become vested in and be exclusively exercised by said District Courts," as definitely expresses a legislative intent to make the boundary of the city the limitation of the jurisdiction of the court as the language of the fourteenth section of the act of 1867 does. The words " within the corporate limits of the city of Newark " cannot be applied to justices of the peace resident within the city limits; or justices resident in the county, but outside the city limits, could come into the city and hold justices' courts in the city, with power to try all causes under the Justices' Court act, except when both plaintiff and defendant reside in the city, as mentioned in the sixth section of the act. The words quoted must be given a reference to the jurisdiction of the

newly-created courts, and operate as a territorial limitation thereof " within the corporate limits of the city of Newark." The section admits of no other rational construction.

Nor does the act of 1884, which gives to District Courts a territorial jurisdiction co-extensive with the limits of the county wherein the city is situated, enlarge the territorial jurisdiction of the District Courts of the city of Newark. *Pamph. L.* 1884, *p.* 169, § 8. That act is entitled "A supplement to the act of 1867," and the eighth section is expressly restricted to courts established under the act to which it is a supplement. As a matter of construction as well as constitutional requirement, the act of 1884 applies only to courts organized under the act of 1867.

The judgment should be reversed.